## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

DEDO DAGO FLORENT             \*    CIVIL ACTION NO. 06-0019

VERSUS                            \*    JUDGE JAMES

ALBERTO GONZALEZ, ET AL.       \*    MAGISTRATE JUDGE HAYES

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by *pro se* Petitioner Dedo Dago Florent ("Florent") on January 3, 2006. Despite receiving an extension of time to file its response, the Government has failed to oppose the petition. For reasons stated below, it is recommended that Florent's petition be **GRANTED, and that he be released from federal detention under an order of supervision with conditions that are appropriate under the circumstances.**

### BACKGROUND

Florent, a native and citizen of Ivory Coast, entered the United States at Atlanta's Hartsfield-Jackson International Airport on August 27, 2003. Florent claims that he arrived with the necessary documentation to allow him to remain in the country for ten years; however, an immigration judge concluded that he did not, and that decision is not the subject of the present petition. Florent was denied entry in Atlanta and has been detained in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE") since his arrival in August 2003. Florent claims to have a degree in business equivalent to an MBA and purportedly seeks to pursue additional education in the United States.

Shortly after being detained, Florent filed applications for asylum and withholding of his removal. During his detention, Florent was befriended by members of various humanitarian aid and spiritual organizations who submitted several letters either attesting to his character or

volunteering to serve as a sponsor upon his release. Despite being detained in 2003, Florent's applications were not ruled on until June 22, 2005, when an immigration judge denied the applications and ordered Florent removed to Ivory Coast. No appeal was taken, and the decision became final.

In his petition, Florent challenges his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Florent, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

The undersigned begins by noting that the pleadings of *pro se* petitioners, especially those the Government fails to oppose, are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, the six-month presumptive detention period, which began on June 22, 2005,

has clearly expired. While expiration of this period does not, by itself, mandate release, *see Zadvydas*, 533 U.S. at 701, the Government, in not opposing Florent's petition, has failed to demonstrate that any specific efforts to execute Florent's removal have been successful or even that any have been made. Florent has been in ICE custody for a total of almost three years, and, as ICE conceded in its September 22, 2005, decision to continue Florent's detention, he has several factors favoring release: he has no criminal record; possesses a substantial amount of education; and has attempted to develop community ties. Without any response from the Government, and given the length of Florent's detention, the undersigned can only conclude that there is no significant likelihood of removal in the reasonably foreseeable future.

Therefore, it is recommended that Florent's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **GRANTED and that he be released from federal detention under an order of supervision with conditions that are appropriate under the circumstances.**


Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Habeas\06-0019.050306.rr.klh.frm