

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DEDO DAGO FLORENT | CIVIL ACTION NO. 06-0019 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTO GONZALES, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of Habeas Corpus [Doc. No. 1] filed by Petitioner Dedo Dago Florent ("Florent"). Florent seeks release from detention by the United States Bureau of Immigration and Customs Enforcement ("ICE") pending his removal from the United States.

On May 3, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 12] in which she noted that Respondents had failed to answer Florent's Petition. Magistrate Judge Hayes recommended that this Court grant Florent's Petition and release him from detention pending his removal.

On May 4, 2006, Respondents filed an untimely Answer.

On May 8, 2006, Respondents filed a Motion to File Response Out-of-Time and/or Objection to Magistrate's Report and Recommendation [Doc. No. 14]. On May 11, 2006, the Court granted Respondents leave to file their response out-of-time. [Doc. No. 15]. Therefore, the Court has considered both the Petition and Respondents' Answer and Memorandum of Law of

1

Points and Authority in this matter.

I.   **Additional Facts**

Magistrate Judge Hayes correctly recited the facts presented by Florent, and the Court adopts this portion of her Report and Recommendation. Having also considered Respondents' response, the Court provides these additional facts:

On June 24, 2005, ICE issued a travel document request to the Consulate of the Ivory Coast. Two months later, on September 12, 2005, a travel document request was sent to the Embassy of the Ivory Coast and a copy of Florent's packet was forwarded to Headquarters/Travel Document Unit (HQ/TDU) for assistance.

On September 22, 2005, ICE determined that Florent's detention should be continued because a request for a travel document had been submitted to the Consulate and the government of the Ivory Coast regularly issues documents to effect repatriation of its nationals.

On January 26, 2006, the Consulate instructed ICE to send Florent's expired passport.[1] ICE forwarded the passport on that same date. ICE attempted to contact the Consulate regarding Florent on February 23 and 24, 2006, without success. On March 1, 2006, ICE determined that Florent's detention should be continued.

On March 14, 2006, ICE Deportation Officer Thorp unsuccessfully sought to obtain a travel document update from the Embassy. Officer Thorp noted on March 16, 2006, that it is just a matter of time before the travel documents are obtained, but no further action or update has been provided since March 2006.

---

[1] When Florent entered the United States via Atlanta's Hartsfield-Jackson International Airport, it appears that he was in possession of an expired passport.

II. Analysis

A. **Proper Respondent**

First, Respondents note that Florent has improperly named the Attorney General of the United States as a Defendant in this matter. Because Florent contests his continued detention, not his order of removal, "the proper respondent is the warden of the facility where [he] is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

The Court agrees that the Attorney General is not a proper respondent[2] in this matter, and the claims against him are DISMISSED WITH PREJUDICE.

B. **Continued Detention**

Magistrate Judge Hayes has correctly recited the law under *Zadvydas v. Davis*, 533 U.S. 678 (2001), as extended by *Clark v. Martinez*, 543 U.S. 371, and the Court adopts her statement of the law.

Applying *Zadvydas*, the Court finds that Florent has presented good reason to believe that there is no significant likelihood of removal in the near future, and Respondents have failed to rebut that showing. While Respondents are correct that the mere passage of six months is insufficient for Florent to meet that showing, Florent states, and Respondents do not dispute, that he has cooperated by providing his passport, birth certificate, degrees, and other documents relevant to his identity and by signing for his travel documents, having his picture taken, and being fingerprinted twice. [Doc. No. 1-4, p. 10].

---

[2]Respondents do not contest the naming of Michael Chertoff and John A. Mata as Respondents.

3

Despite Florent's cooperation and the efforts of Respondents, the Court finds that there is no significant likelihood he will be removed in the near future. While it appears that ICE has taken steps toward securing Florent's removal, the evidence shows that ICE's last contact with the Ivory Coast Consulate or Embassy was almost six months ago on January 26, 2006. There is no evidence of any change in status in the past six months, nor is there any indication if or when Florent's travel documents will be provided.

Accordingly, for the reasons stated herein and those additional facts cited in Magistrate Judge Hayes' Report and Recommendation, Florent's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 [Doc. No. 1] is hereby GRANTED. He is to be released immediately from federal detention under an order of supervision with conditions that are appropriate under the circumstances.

THUS DONE AND SIGNED this 16 day of June, 2006, in Monroe, Louisiana.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION